UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HARVEY GEORGE JERRELS,

    Petitioner,

v.

STATE OF WASHINGTON,

    Respondent.

Case No. C07-5267RJB

ORDER TO SHOW CAUSE AND AMEND THE PETITION

    This 28 U.S.C. § 2254 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4. Review of the petition shows petitioner has not named a proper respondent. Further, the documentation submitted by petitioner shows his claims appear to be time barred both in state and federal court.

    28 U.S.C. § 2243 indicates that writs are to be directed "to the person having custody of the person detained". This person typically is the superintendent of the facility in which the petitioner is incarcerated. Failure to name the petitioner's custodian deprives federal courts of personal jurisdiction. Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Petitioner in this action has named the State of Washington, not the superintendent of the Stafford Creek Corrections Center. Petitioner will need to amend the petition or file a motion to change the case caption.

    That is not the only defect in the petition. Federal habeas corpus petitions are subject to a statue of limitations under the 1996 amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996 as part of the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2244(d) provides as follows:

    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a

ORDER
Page - 1

person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

    (A)  the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

    (B)  the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. 2244 (d) (Emphasis added).

The state court documents and petition show plaintiff to be challenging a conviction where sentencing occurred in 1997, ten years ago.  His direct appeal was denied September 2, 1998, (Dkt. # 1, proposed petition, page 2).  It was nearly eight years later petitioner filed a personal restraint petition.  The documentation shows his state petitions to be dismissed as time barred under Washington State law (Dkt. # 1, proposed petition pages 24 to 29).

Direct appeal of the conviction was denied September 2, 1998.  Plaintiff had until December 1, 1999 to file a Federal Habeas Corpus action.  This petition was not filed until May 25, 2007.  This petition appears to be over Eight years time barred.

Petitioner is hereby **ORDERED TO SHOW CAUSE** why this petition should not be dismissed  A response is due on or before **July  20, 2007,** or the court will enter a Report and Recommendation that this action be dismissed as time barred.

The Clerk is directed to mail a copy of this Order to petitioner and note the **July 20, 2007,** due date on the court's calendar.

DATED this 14 day of June, 2007.

                              /S/ *J, Kelley Arnold*
                              J. Kelley Arnold
                              United States Magistrate Judge