UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HARVEY GEORGE JERRELS,

    Petitioner,

    v.

BELINDA STEWART,

    Respondent.

Case No. C07-5267RJB

REPORT AND RECOMMENDATION

**NOTED FOR:
August 17, 2007**

    This 28 U.S.C. § 2254 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4. When this petition was first filed, the court noted a gap of nearly eight years between the filing dates in state court. See, original petition (Dkt. # 5). Further, the court noted that the Washington State Supreme Court had dismissed petitioner's last attempt at state review as time barred pursuant to RCW 10.73.090(1). See, (Dkt. # 5 Attachment B).

    The court entered an order to show cause and amend the petition (Dkt. # 6). One of the defects, not naming a proper respondent, has been cured. Other defects include the one year statute

REPORT AND RECOMMENDATION- 1

of limitations for filing a petition and whether the petition is second or successive. (Dkt. # 5). Petitioner has responded to the order to show cause. Having reviewed the response this court recommends this petition be dismissed as time barred.

## FACTS

Petitioner was convicted in Lewis County Superior Court of two counts of rape of a child in the first degree and two counts of child molestation in the first degree (Dkt. # 5, page one). In September on 1996 this conviction was overturned (Dkt. # 5). He was retried and convicted of the same offenses in December of 1996. Petitioner was sentenced in January of 1997. Petitioner filed a direct appeal and that appeal was denied September 2, 1998 (Dkt. # 5, page 3). Petition did not seek discretionary review of the dismissal of his second direct appeal.

Nearly eight years later, on August 18, 2006, petition filed a personal restraint petition. The petition was dismissed on November 20, 2006 (Dkt. # 5, page 4). Petitioner sought discretionary review and review was denied with the court noting the petition was time barred pursuant to RCW 10.73.090 (1) (Dkt. # 5, attachment B). This habeas corpus petition followed.

## EVIDENTIARY HEARING

If a habeas applicant has failed to develop the factual basis for a claim in state court, an evidentiary hearing may not be held unless (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996). Petitioner's claims rely on established rules of constitutional law. Further, petitioner has not set forth any factual basis for his claims that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime. Therefore, petitioner is not entitled to an evidentiary hearing.

REPORT AND RECOMMENDATION- 2

## STANDARD

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 is explicit in that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a)(1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for errors of state law. Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984); Estelle v. McGuire, 502 U.S. 62 (1991).

Further, a habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## DISCUSSION

One Year Statute of Limitations.

A one year statute of limitations was imposed under the 1996 amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996 as part of the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2244(d) provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

REPORT AND RECOMMENDATION- 3

   (C)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's direct appeal was denied September 2, 1998 (Dkt. # 5, page 3 ).  The one year statue of limitations for filing a federal habeas petition began to run, at the latest, 90 days later, on December 1, 1998, as petitioner could no longer file a petition for certiorari with the United States Supreme Court.  The time for filing a federal petition expired on December 1, 1999.  Petitioner's state personal restraint petition was not filed until August 18, 2006, over seven years later (Dkt. # 5, page 4).  The court recommends **DISMISSAL** of this petition as time barred.  Having reached this conclusion, the court does not consider other defects to the petition.

## CONCLUSION

This petition is time barred.  Accordingly, the petition should be **DISMISSED WITH PREJUDICE.**  A proposed order accompanies this report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 17, 2007**, as noted in the caption.

Dated this 24 day of July, 2007.

            */S/ J. Kelley Arnold*
            J. Kelley Arnold
            United States Magistrate Judge

REPORT AND RECOMMENDATION- 4